IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANENANKHANA B. ANDREWS, #05049226, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:06-CV-0999-P ECF |
| LUPE VALDEZ, Dallas County Sheriff, Respondent. | ) ) ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* habeas corpus action brought by a pre-trial detainee. Petitioner has paid the $5 filing fee.[1]

Parties: Petitioner is presently incarcerated at the Dallas County Jail. Respondent is the Dallas County Sheriff. The Court did not issue process in this case pending preliminary screening.

Statement of Case: Petitioner is currently confined in the custody of Respondent, Sheriff Valdez, pursuant to indictments returned in Cause Nos. F05-00845, F05-00846, F05-00847, F05-

---

[1] The original petition filed in this case on June 8, 2006, did not refer to any of the habeas corpus statutes. (See Original Petition (Pet.) at 1). The Court, thereafter, required Petitioner to file his petition on the form for seeking habeas corpus relief by a person in state custody, which he filed on June 23, 2006. (See Amended Pet.). As more fully set out below, the Court will construe the petition in this case as seeking relief pursuant to 28 U.S.C. § 2241(c).

00848, F05-00849, F05-00850 and F05-00851, charging him with the state law offense of retaliation. (Attachment I and Amended Petition (Am. Pet.) at 2). He is presently represented by Hugh Lucas, court appointed counsel on the retaliation cases. Petitioner is also confined pursuant to nine indictments charging him with fraud See No. F05-00843, F05-00844, and F05-00857 through F05-00863. (Attachment I). He is represented by Mark Robinius, retained counsel, on the fraud cases.[2]

The amended petition alleges the retaliation and fraud charges are not based on probable cause, the Texas Attorney General's office and Dallas Sheriff's Department exceeded their authority in requesting search and seizure warrants and altered exculpatory evidence, the prosecution abused the grand jury process and denied Petitioner an opportunity to request an examining trial, and the Texas Attorney General's office discriminated against Petitioner and slandered his name. (Am. Pet. at 7-8).

Findings and Conclusions: Petitioner is a pre-trial detainee who is challenging his present detention. Thus, his petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241(c), which applies to persons in custody awaiting trial who have not yet been convicted. Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) (citing Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997), Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987), and Robinson v. Wade, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir. 1982)); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).[3]

---

[2] A criminal background search reflects Petitioner is also confined under the alias of "Kaiser Bernard Ford" on arson charges under cause number BZ91-2551001. (Attachment II).

[3] Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the constitution or laws or treaties of the United States."

2

In order to be eligible for pre-trial habeas relief pursuant to 28 U.S.C. § 2241, a petitioner must have been "in custody" at the time of filing the action, and must have exhausted his available state court remedies. Braden, 410 U.S. at 488-89; Dickerson, 816 F.2d at 224.[4]

While Petitioner satisfies the "in custody" requirement, his original and amended petitions fail to allege whether he exhausted his available state remedies before filing this action. Notwithstanding the failure to exhaust, the Court can deny this habeas corpus petition on the merits, as it can with unexhausted § 2254 petitions in accordance with 28 U.S.C. § 2254(b)(2). Nichols v. Joslin, 3:04cv0059-N, 2005 WL 1017833, at *4 (N.D. Tex., Mar. 25, 2005), *accepted* 2005 WL 1017844 (N.D. Tex. Apr 28, 2005) (denying habeas petitions on the merits despite a lack of exhaustion is consistent with § 2241 or the habeas corpus precedent embodied in 28 U.S.C. § 2254(b)(2); Edwards v. Bowles, No. 3:03-CV-2624-M, 2004 WL 308036, at *7 (N.D. Tex. Feb.18, 2004), *accepted by* 2004 WL 741290 (N.D. Tex. Mar.16, 2004) (quoting Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (recognizing that it was proper to "follow the policy of § 2254(b)(2)" when dealing with a habeas petition under 28 U.S.C. § 2241).

Even when liberally construed in accordance with his *pro se* status, Petitioner's pleadings fail to raise a federal constitutional violation. See 28 U.S.C. § 2241(c)(3) (providing that "[t]he

---

[4] It is only in the post-trial setting that exhaustion is mandated by statute. Compare 28 U.S.C. § 2254(b) with 28 U.S.C. § 2241(c)(3). Despite the absence of an exhaustion requirement in § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. See Dickerson, 816 F.2d at 225. See also Braden, 410 U.S. at 489-92; Brown v. Estelle, 530 F.2d 1280, 1284 (5th Cir. 1976). This exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. See Dickerson, 816 F.3d at 225; Braden, 410 U.S. at 490-91.

3

writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the constitution or laws or treaties of the United States."). Petitioner claims the criminal charges pending against him are not based on probable cause. As a matter of law, indictments returned by a grand jury constitute findings of probable cause. In re Grand Jury Subpoena Dated December 17, 1996, 148 F.3d 487, 493 (5th Cir. 1998) ("In returning . . . an indictment a grand jury indicates that it has found probable cause to believe that a criminal offense has occurred."); see also Gerstein v. Pugh, 420 U.S. 103, 117 n. 19 (1975) (indictment "conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry"). Therefore, Petitioner has failed to make a colorable showing that his confinement in the Dallas County Jail is in violation of the United States Constitution.

Petitioner's remaining grounds relate to the alleged conduct on the part of the prosecutors and investigators which preceded the grand jury's return of the bills of indictments. These issues may be presented to the state court in which the criminal charges are presently pending. Any consideration by this Court at this time would be premature and is not cognizable in a pre-trial petition for federal habeas corpus relief by a state prisoner.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be denied.

A copy of this recommendation will be mailed to Petitioner.

Signed this 15th day of August, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.



**ATTACHMENT I**

This is your document, please print for your records.

To view additional information use the page up or page down key where applicable.



NAME ENTERED ANDREWS T                           NAME TYPE DF

| LN | | ARC | RS | DOB | CASE/BOND | CT | CHARGE | DISP |
|----|---|-----|----|----|-----------|----|--------|------|
| 01 | ▬▬▬▬▬▬ | A | ▬ | ▬ | ▬ | ● | ▬ | TBCI |
| 02 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500843 | FN | FRAUD FINANCE | |
| 03 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500844 | FN | FRAUD FINANCE | |
| 04 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500857 | FN | FRAUD FINANCE | |
| 05 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500858 | FN | FRAUD FINANCE | |
| 06 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500859 | FN | FRAUD FINANCE | |
| 07 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500860 | FN | FRAUD FINANCE | |
| 08 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500861 | FN | FRAUD FINANCE | |
| 09 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500862 | FN | FRAUD FINANCE | |
| 10 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500863 | FN | FRAUD FINANCE | |
| 11 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500845 | FN | RETALIATION | |
| 12 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500846 | FN | RETALIATION | |
| 13 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500847 | FN | RETALIATION | |
| 14 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500848 | FN | RETALIATION | |
| 15 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500849 | FN | RETALIATION | |
| 16 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500850 | FN | RETALIATION | |
| 17 | ANDREWS TANENANKHANA BERNA | | BM | 092571 | F-0500851 | FN | RETALIATION | |
| 18 | ▬▬▬▬▬▬ | | ● | ▬ | ▬ | ● | ▬ | NAOG |

[ Page Down ]   [ Close Window ]



**ATTACHMENT   II**

7

This is your document, please print for your records.

To view additional information use the page up or page down key where applicable.



NAME ENTERED  FORD KAISER

NAME TYPE DF

| LN | | ARC | RS | DOB | CASE/BOND | CT | CHARGE | DISP |
|---|---|---|---|---|---|---|---|---|
| 01 | FORD KAISER | | BM | 092571 | F-0500843 | FN | FRAUD FINANCE | |
| 02 | FORD KAISER | | BM | 092571 | F-0500844 | FN | FRAUD FINANCE | |
| 03 | FORD KAISER | | BM | 092571 | F-0500863 | FN | FRAUD FINANCE | |
| 04 | FORD KAISER BERNARD | | BM | 092571 | BZ912551001 | F | ARSON | |
| 05 | FORD KAISER BERNARD III | | BM | 092571 | F-9125510 | FN | ARSON | BTCP |
| 06 | FORD KAISER BERNARD III | A | BM | 092571 | MA9125766 | ML | THEFT 200 | PGBC |

End Of Records

[ Close Window ]

http://www.dallascounty.org/pars2/criminal?radio1=ji55&textfield2=Ford&textfield3=Kai...    8/11/2006